No. 15,601.

Enlarged Southside Irrigation Ditch Company et al.
v. John's Flood Ditch Company et al.
(183 P. [2d] 556)

Decided June 30, 1947.

Mr. Forrest C. Northcutt, for plaintiffs in error.

Mr. A. W. McHendrie, for defendants in error.

*In Department.*

Mr. Justice Stone delivered the opinion of the court.

The owners of the John's Flood Ditch, which suffered loss of its headgate and other extensive damage as a result of floods in the Las Animas or Purgatoire River whence it carries water for irrigation, seeks change of point of diversion from its headgate to the headgate of

the Model ditch located approximately one mile farther up the stream. It is opposed therein by the Hoehne Ditch Company and the Enlarged Southside Irrigation Ditch Company, owners of ditches, the former diverting water about three miles below the headgate of the John's Flood ditch and the latter about three miles above. The ditches here involved, other than the Model ditch, all have early priorities. The Model ditch, together with a large reservoir, was constructed in 1908 for the purpose of irrigating a large tract of land located several miles distant from the river, and until 1918 its only decreed water right was a late priority for storage only. Then its owner, the Model Land and Irrigation Company, purchased controlling interest in the John's Flood Ditch Company; thereupon extended the John's Flood Ditch to the intake of the Model reservoir, and thereafter diverted water under the priorities of the John's Flood Ditch for storage in the Model reservoir and for use on the lands located under the Model ditch, in addition to its use in the irrigation of valley lands for which it was originally appropriated. Thereafter, the John's Flood Ditch was awarded a flood-water decree for one hundred second feet for an enlarged acreage and for supplemental irrigation of the Model Company lands. Further statement of facts are to be found in *Enlarged Southside Irrigation Co. v. John's Flood Ditch Co.*, 116 Colo. 580, 183 P. (2d) 552.

█ The trial court granted change of point of diversion as sought. The record discloses no intervening points of diversion between the headgate of the Model ditch and the headgate of the John's Flood Ditch and no change in method or place of use of water which will result from change of point of diversion from that in existence since the extension of the John's Flood Ditch to the Model reservoir in 1919. The court found that there was no loss of return flow resulting from change of point of diversion, and that the water diverted through the Model ditch can be discharged through a connecting channel

into the John's Flood Ditch above any place of use thereunder.

There is no substantial conflict in the evidence, and reversal is here sought on the ground that the change would result in an enlarged use of the priorities diverted through the John's Flood Ditch, and a consequent increased burden on the stream. The evidence fails to support this contention and is convincing to the contrary. If any change results from the diversion further upstream, as the trial court found, it will be an increased loss of water through seepage back to the river to the advantage of the Hoehne ditch. In fact, the complaint of the protesting ditches is not of increased use as a result of the change of the point of diversion, but rather of increased use as a result of the employment of the John's Flood Ditch water through the Model ditch and reservoir in the irrigation of lands of the Model Company in addition, as is charged, to its former burden of irrigating valley lands. The fact that change of point of diversion may necessitate measurement to assure that none of the water is wrongfully retained in the Model ditch is not sufficient reason for denying change. The possibility that the water may be diverted in excess of the needs of the lands formerly irrigated by it and such excess used for the irrigation of distant Model Company lands is not created by the change of point of diversion and would not be prevented by its denial, but inevitably would result from the extension of the John's Flood Ditch to the Model reservoir in 1919. Further, the judgment entered by the trial court requires that all waters so diverted through the new point of diversion be turned back into the John's Flood Ditch at a point above where any irrigation thereby is practiced.

There are numerous cases where the issue of right to change of point of diversion has been determined, not on the basis of the injury to subsequent appropriators due to the change of point of diversion, but rather on the injury due to change of place of use in connection with

which the change of point of diversion is sought. However, in all those cases the changed point of diversion and changed place of use are essentially united, in that the changed place of use necessarily results from the change of point of diversion. In the instant case, as has appeared, the changed place of use was accomplished prior to the change in point of diversion, and the changed point of diversion may be adopted even if the use of the water should be restricted to the lands on which it was formerly used. The evidence supports the judgment.

■ However, the judgment provides that petitioners be permitted to use the water rights so diverted to the full amount of water represented thereby for the purpose of supplying their future demands for the irrigation of lands. In view of the acreage of lands now subject to irrigation through the John's Flood Ditch, largely in excess of those formerly irrigated thereby, the judgment should not be open to construction as granting any right to increased use of the water beyond that formerly acquired. Accordingly, the judgment is modified by striking therefrom the words: "to the full amount of water represented thereby for the purpose of supplying the future demands of petitioners, their successors and assigns, for the irrigation of lands susceptible of irrigation by and from said waters;" and substituting therefor the words: "to like extent both in amount and time as they were formerly entitled to use the same through the headgate of the John's Flood Ditch."

As so modified, the judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HAYS concur.